Railroad *v.* Finney.

RAILROAD *v.* FINNEY.

(*Knoxville.*    September  22,  1900.)

1. VERDICT.  *When set aside on the facts.*

This Court will not reverse a verdict upon consideration of the facts alone, if there is any material evidence to support it. The trial Judge acts upon a different rule. He should set aside a verdict if satisfied that it is not justified by the facts, but he should not set it aside merely because he, trying the case originally, would have decided it differently from the jury.

Case cited: Tate *v.* Gray, 4 Sneed, 591.

2. SAME.  *Same.    Case in judgment.*

The language of the trial Judge, refusing a new trial, indicates an application of the rule appropriate to his own Court, and not of the rule peculiar to this Court, when he stated that, after excluding from consideration the statements of certain witnesses deemed utterly unreliable, "that it was a close question on the other facts in the case, and the jury having adopted the plaintiff's theory, under the well-settled rule of law, their verdict should not be disturbed."

FROM   HAMILTON.

Appeal in error from Circuit Court of Hamilton County.  FLOYD ESTILL, J.

PRITCHARD & SIZER for Railroad.

W. T. MURRAY and S. H. FORD for Finney.

Railroad *v.* Finney.

WILKES, J. This is an action for damages for personal injuries sustained by the running of one of defendant railway company's engines against the plaintiff.

There was a trial before the Circuit Judge and a jury, and a judgment and verdict for. $500, and the railway company has appealed, and assigned errors.

It is stated in the bill of exceptions that "on the motion for a new trial defendant by counsel said that two witnesses, John Brakeman and Will Finney, had appeared before the jury in such manner and made such statements that they were not worthy of any credit, whereupon the trial Judge said he would attach no weight to the evidence of these witnesses as to the material facts in the case, and on further argument and consideration he stated that it was a close question on the other facts in the case, and the jury having adopted the plaintiff's theory, under the well-settled rule of law their verdict should not be disturbed."

This action and these statements of the trial Judge are made the basis of error assigned.

The argument of counsel is that the learned trial Judge meant by this language to say that he would not disturb the verdict, inasmuch as there was some evidence to support it, and that the rule referred to by him was the rule adopted by

---

Railroad *v.* Finney.

---

the Supreme Court, not to disturb a verdict if there is any evidence whatever to support it.

We think this is not the proper construction of the language, and was not the meaning of the trial Judge, and that the rule referred to by him was not the rule adopted by this Court in regard to reversals, but the familiar rule that when there is a conflict of evidence, and the question is a close one on the facts, it is the province of the jury to decide the question, and he would not invade that province.

This is the only error assigned, and it is conceded that there is some evidence upon which the verdict can rest, though it is insisted the weight of it is largely against the verdict.

Under this view of the case, we think the assignment not well made. Caruthers' History of a Lawsuit (Ed. 1860), Sec. 386, p. 252; *Tate* v. *Gray,* 4 Sneed, 591.

A verdict of a jury will not be set aside merely because the Court, if trying the question of fact, would have found differently, and the verdict will not be set aside because the trial Judge differs with the jury on the merits of the case, unless the Court is satisfied the finding of the jury is not justified by the evidence. 14 Enc. of Pl. & Pr., 772.

The judgment is affirmed with costs.